Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the
case.



FILED

May 21 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CASSY HENRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.   49A02-1110-CR-921 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
The Honorable Steven J. Rubick, Magistrate
Cause No.  49G03-0804-FB-85663

**May 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Cassy Henry appeals the trial court's revocation of his probation.

We affirm.

## ISSUE

Whether the trial court abused its discretion by ordering Henry to serve his suspended sentence.

## FACTS

In April 2008, the State charged Henry with Count 1, rape as a class B felony; Count 2, sexual misconduct with a minor as a class B felony; Count 3, criminal deviate conduct as a class B felony; Count 4, sexual misconduct with a minor as a class B felony; Count 5, sexual misconduct with a minor as a class C felony; and Count 6, sexual battery as a class D felony. In July 2008, Henry entered into a written plea agreement, wherein he agreed to plead guilty to class B felony sexual misconduct with a minor as charged in Count 2,[1] and the State agreed to dismiss the remaining five charges. The State also agreed to a sentencing cap of six years but otherwise left sentencing open to the trial court. The trial court accepted Henry's guilty plea and sentenced him to six years with three years suspended to probation. Under the terms of his probation required for sex offenders, Henry was prohibited from possessing "obscene matter[,]" including videos, DVDs, books, or magazines. (App. 61). Henry was also required to submit to random home visits and searches.

---

[1] In Count 2, the State charged that Henry, being at least twenty-one years old, performed or submitted to sexual intercourse with a child who was at least fourteen years old but under age sixteen.

When Henry started his probationary term on October 16, 2009, his probation officer, Tara Olson, reviewed the terms of Henry's probation with him, including the requirement that he not have X-rated movies, videos, or shows with nudity. On July 26, 2011, probation officers went to Henry's apartment to conduct a "compliance check." (Tr. 15). When the officers entered his residence, Henry was the only person present in the apartment. Officers saw that Henry had fifty-nine DVDs, several of which were spread out on the coffee table while others were in a DVD case on the sofa in the living room. Thirty of these DVDs contained pornographic material, and "several of them had graphic images on the front of the [disc] depicting sexually graphic material." (Tr. 17).[2] When the officers took the DVDs, Henry denied that the DVDs belonged to him but acknowledged that they contained pornographic material. Three days later, Henry called his probation officer, Tara Olson, and "verbally admitted that he was possessing pornography at his home." (Tr. 11).

The State filed a notice of probation violation, alleging that Henry had violated probation by possessing obscene matter, specifically adult pornography. At the beginning of Henry's probation revocation hearing, the trial court indicated that it wanted to make a record of Henry's prior rejection of the State's offer to recommend that he serve two and one-half years in the Department of Correction in exchange for his

---

[2] In an effort to make a record regarding the nature of the DVDs that were introduced at trial, the trial court noted that one of the DVDs showed "three naked young women, one apparently holding a penis[,]" that another DVD showed "a full-color shot of two topless women, both apparently holding penises, with the caption *5 Hour Wet Giant Tits*[,]" and that a third DVD showed "two topless African American [w]omen with the caption *Black Chicks Who Love White Dicks*." (Tr. 29). The trial court also explained that some of the DVDs indicated on the disc that they were "XXX." (Tr. 29).

3

admission that he possessed pornography. Specifically, the trial court stated that it was "trying to make sure we don't have any PCR issues regarding offers and advisements." (Tr. 4). After Henry stated on the record that he was rejecting the offer and wanted to proceed with a contested hearing, the State presented evidence that Henry possessed thirty pornographic DVDs and thereafter admitted to his probation officer that he possessed them.

The trial court revoked Henry's probation and ordered him to serve his three-year suspended sentence. Specifically, the trial court stated:

> Mr. Henry acknowledged that he possessed pornography, though he denied viewing it. Nevertheless, he was clearly in possession.
>
> * * * * *
>
> The nature of the videos, even from a sheltered life like mine - - the nature of these DVDs is beyond question and beyond doubt. The DVDs - - several of the DVDs have naked women or topless women in what would be construed as obscene poses.
>
> I think this is not a situation where Mr. Henry perhaps had a *Sports Illustrated Swimsuit Edition* on the coffee table and wasn't sure if that was pornography. There is no doubt as to the character of the contraband in this case.
>
> I find the evidence overwhelmingly supports the State's position that Mr. Henry is in violation of his probation. I find that Mr. Henry knowingly possessed obscene material in violation of his probation. I find the evidence clearly establishes Mr. Henry understood the conditions of his probation and knowingly violated the conditions of his probation.
>
> Under the circumstances, I'm going to revoke his term of probation and order him remanded to the Department of Correction for three years.

(Tr. 32-33). Thereafter, the trial court again noted Henry's prior refusal of the State's offer for the record:

> The Court will note in this case that though the State offered Mr. Henry less than the full backup time, Mr. Henry did not accept responsibility. He continued to deny that he had done anything wrong. I find the evidence overwhelming[ly] establishes that he did, and did so

4

knowingly, that anything less than the imposition of his full three-year
suspended sentence would depreciate the seriousness of his violation.

(Tr. 34).

<u>DECISION</u>

Henry does not challenge the trial court's determination that he violated his

probation.[3]   Instead, Henry argues that the trial court abused its discretion by ordering

him to serve his three-year previously suspended sentence.  Specifically, he contends that

the trial court's order that he serve his suspended sentence was an abuse of discretion

because it was based upon a single probation violation, which was not a new criminal

offense, committed twenty-one months into his thirty-six month probationary period.

Probation is a matter of grace left to trial court discretion, not a right to which a

criminal defendant is entitled.  *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).  The

trial court determines the conditions of probation and may revoke probation if the

conditions are violated.  *Id.*; *see also* Ind. Code § 35–38–2–3.  Indeed, violation of a

single condition of probation is sufficient to revoke probation.  *Richardson v. State*, 890

N.E.2d 766, 768 (Ind. Ct. App. 2008), *reh'g denied*.  Upon determining that a probationer

has violated a condition of probation, the trial court may "[o]rder execution of all or part

of the sentence that was suspended at the time of initial sentencing."  I.C. § 35–38–2–

3(g)(3).  "Once a trial court has exercised its grace by ordering probation rather than

incarceration, the judge should have considerable leeway in deciding how to proceed."

*Prewitt*, 878 N.E.2d at 188.  If this discretion were not given to trial courts and sentences

---

[3] While Henry suggests that the evidence supporting the revocation of his probation was "tenuous," he
makes no cogent argument challenging the evidence to support his revocation.  Henry's Br. at 3.

5

were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Prewitt*, 878 N.E.2d at 188 (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt*, 878 N.E.2d at 188.

Here, Henry, who was thirty-five at the time of his offense, was convicted of class B felony sexual misconduct with a minor for having sexual intercourse with a fourteen-year-old girl. Pursuant to his plea agreement, the trial court sentenced him to a minimum term for a B felony of six years but suspended three of those years to probation. While on probation, Henry was found in possession of pornographic DVDs, which was in violation of the probationary condition that he not possess obscene materials. Henry did not possess merely one DVD, he possessed thirty DVDs, which, as the trial court explained, undoubtedly contained obscene material. The fact that Henry had served a little more than half of his probation without incident is of no moment. He was on probation, and he was ordered—as a specific probation condition for sex offenders—that he not "possess" obscene materials. (App. 61). Based on the facts of this case, we conclude that the trial court did not abuse its discretion by ordering Henry to serve his previously suspended sentence. *See, e.g.*, *Peterson v. State*, 909 N.E.2d 494, 499–500 (Ind. Ct. App. 2009) (holding that the trial court did not abuse its discretion by revoking the defendant's entire suspended sentence when he violated probation at the end of his probationary period by viewing pornography in violation of his treatment contract and

6

conditions of probation).  For the foregoing reasons, we affirm the trial court's revocation

of Henry's probation.[4]

Affirmed.

RILEY, J., and NAJAM, J., concur.

---

[4] We also reject Henry's reliance on *Puckett v. State*, 956 N.E.2d 1182 (Ind. Ct. App. 2011), and his suggestion that the trial court ordered him to serve his suspended sentence based on Henry's decision to proceed with a contested revocation hearing instead of admitting to the probation violation.  This case is unlike *Puckett*, where this court found that the trial court had erroneously relied on numerous improper factors—including expressing displeasure with the original plea agreement, finding that the defendant committed a more serious crime than the one for which he was convicted, and relying on probation violation allegations that had been dismissed—when it ordered the defendant to serve his previously suspended sentence.  *See Puckett*, 956 N.E.2d at 1187-88.  Here, a review of the transcript from the probation revocation hearing makes clear that the trial court's reference to Henry's prior rejection of the State's offer was done in an effort to make a record of it in case Henry would raise such an issue in a future post-conviction relief proceeding.