**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| TROY FARRIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1207-CR-372 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William Nelson, Judge
The Honorable Valerie Horvath, Master Commissioner
Cause No. 49G17-1107-FD-52788

**March 13, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Troy Farris appeals the 180-day sentence imposed by the trial court following his probation violation. We affirm.

**Issue**

The sole issue is whether the trial court abused its discretion in ordering Farris to serve a 180-day sentence.

**Facts**

On October 12, 2011, Farris pled guilty to one count of Class A misdemeanor trespass, in relation to an incident involving Farris's ex-girlfriend and their child. The plea agreement's terms provided for a sentence of 365 days, with sixty-two days executed (which had already been served) and 303 days suspended to be served on probation. Among the terms of Farris's probation were that he not be charged with any new criminal offense, that he submit to random testing for alcohol use, that he undergo substance abuse treatment, and that he complete domestic violence counseling.

On January 31, 2012, Marion County Community Corrections, which was monitoring Farris's alcohol use, filed a notice alleging that he had failed to submit required breath samples on seven occasions. On February 10, 2012, the Marion County Probation Department ("Probation Department") filed a notice alleging that Farris had been discharged from his substance abuse treatment program for failing to attend. On March 2, 2012, the trial court found Farris had violated probation but continued him on probation under "strict compliance." App. p. 15.

2

The Probation Department subsequently filed new notices of violations of probation by Farris on April 26, 2012, May 1, 2012, and May 3, 2012. The allegations were that Farris had twice failed to submit to urine screens, that he had failed to complete domestic violence counseling, and that he had been arrested in Hamilton County for Class D felony intimidation. At a hearing on July 13, 2012, Farris admitted to having been charged with Class D felony intimidation, and the State did not pursue the other allegations. Additionally, although Farris did not admit to having been convicted of this offense, there was evidence he had recently been convicted of some offense as he admitted to currently serving a two-year sentence in the Department of Correction. The Probation Department recommended revocation of Farris' probation and that he be ordered to serve 180 days of his suspended sentence. Defense counsel stated that she thought "Probation's offer is reasonable" but that "Mr. Farris however might disagree with that" and requested a sentence of ninety days. Tr. p. 5. Ultimately, the trial court revoked Farris's probation and ordered him to serve 180 days. Farris now appeals.

**Analysis**

Farris challenges the sentence imposed by the trial court upon his admission that he violated probation by having been charged with a new offense.[1] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). Upon a finding of a probation

---

[1] Although Farris' term is only 180 days, and that time period has passed since July 13, 2012, his probation revocation sentence is being served consecutive to his existing two-year sentence in the Department of Correction. Thus, Farris' challenge to his sentence is not moot.

violation, a trial court may (1) continue the defendant on probation; (2) extend the probationary period for not more than one year beyond the original period; and/or (3) order all or part of a previously suspended sentence to be executed. Puckett v. State, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011). When a trial court exercises the third option, a defendant is entitled to challenge the sentence under an abuse of discretion standard. Id. "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." Prewitt, 878 N.E.2d at 188. "If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." Id.

Here, Farris was charged with committing a felony while on probation for a misdemeanor. There also was evidence that he had recently been sentenced to a two-year term in the Department of Correction at the time of the hearing in this case. The commission of a new offense while on probation goes far beyond a mere technical violation and is quite egregious. Furthermore, the trial court had previously exercised its discretion and grace to continue Farris on probation in March 2012, when it found he had violated probation but continued him on probation anyway, albeit under "strict compliance." App. p. 15. Despite this clear warning from the trial court, Farris shortly thereafter again violated his probation by being charged with another crime. Finally, the trial court is only requiring Farris to serve 180 days of his 303-day suspended sentence, an option that trial counsel for Farris found to be "reasonable." Tr. p. 5. We likewise find it to be reasonable and not an abuse of discretion.

4

Farris also suggests that the "very brief hearing" conducted by the trial court was insufficient.  Appellant's Br. p. 4.  However, Farris makes no argument that his due process rights were violated by the brevity of the hearing or that he was not provided an opportunity to present evidence on his own behalf.  Regardless of how long the hearing was, the evidence before us more than justifies the trial court's decision to impose a 180-day sentence.

## Conclusion

The trial court's imposition of a 180-day sentence upon Farris's admission that he violated probation was not an abuse of discretion.  We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.