## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 16 2017, 9:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darnell Levon Johnson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 16, 2017<br><br>Court of Appeals Case No.<br>48A05-1703-CR-592<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable David A. Happe, Judge<br><br>Trial Court Cause No.<br>48C04-1608-F6-1583 |

**Altice, Judge.**

### Case Summary

[1] Darnell L. Johnson appeals the revocation of both his community corrections placement and his probation. He contends the trial court abused its discretion by ordering him to serve his full sentence in the Department of Correction (the DOC).

[2] We affirm.

**Facts & Procedural History**

[3] On September 29, 2016, Johnson pled guilty to Level 6 felony possession of a narcotic drug, Level 6 felony unlawful possession of syringe, Level 6 felony possession of methamphetamine, Class A misdemeanor possession of a controlled substance, and Class A misdemeanor resisting law enforcement. On November 21, 2016, the trial court sentenced Johnson to fully concurrent sentences, resulting in an aggregate term of thirty months. The court ordered twelve months suspended to probation and the remaining eighteen months to be served in community corrections, specifically in the Continuum of Sanctions Program through the Community Justice Center (the COS Program).

[4] After completing his intake for the COS Program, Johnson had to wait for available bed space at the work release facility until December 15, 2016. On that date, he was transported from the Madison County Detention Center to the work release facility to begin serving his time in the COS Program. At the facility, he was given a two-hour pass to obtain his personal belongings. Johnson understood that he was required to return within two hours. Johnson did not return to the facility. As a result, a petition to terminate Johnson's

participation in the COS Program was filed on December 21, 2016. The trial court terminated Johnson's participation in the COS Program pending further hearing and issued a warrant for Johnson's arrest on December 28, 2016.

[5] Thereafter, on January 9, 2017, Johnson failed to appear for a pre-trial conference in another criminal case out of Madison County. This resulted in the issuance of another warrant for his arrest. Johnson was subsequently arrested in another county on January 27, 2017, and transferred to the Madison County Detention Center two days later.

[6] On February 1, 2017, the State filed a notice of violation of suspended sentence. The State alleged two violations: (1) Johnson committed a new criminal offense – Level 6 felony failure to return to lawful detention, which charge was filed on January 19, 2017 – and (2) Johnson failed to successfully complete the executed portion of his sentence through the COS Program.

[7] On February 13, 2017, the trial court held an evidentiary hearing on both the petition to terminate participation in the COS Program and the notice of probation violation. At the hearing, Johnson did not deny that he failed to timely return to the work release facility. He claimed, however, that he did eventually return in the middle of the night and was told by staff to leave. He left the facility and did not return. At the hearing, Johnson claimed that his violation was due to "a misunderstanding between [him] and staff as to what you were supposed to do". *Transcript* at 32.

[8] The trial court did not buy Johnson's account, stating at the conclusion of the hearing:

> [W]hen you come to court today, instead of…taking responsibility, you came up with what the Court finds I don't think it's a stretch to say it's kind of a preposterous story about what happened. It really was just not believable. So, you came in and said things that just weren't true in order to cover up your conduct, and because of that, I just don't find that community correction is a reasonable way to resolve this matter. I just don't think it's going to be successful for you.

*Id*. at 34. Accordingly, the trial court terminated Johnson's participation in the COS Program and revoked the suspended portion of his sentence. Johnson was ordered to serve the balance of his sentence in the DOC.

## Discussion & Decision

[9] On appeal, Johnson acknowledges that he violated probation, as well as the terms of his placement in the COS Program. He argues only that the sanction imposed by the trial court constituted an abuse of discretion in light of the explanation he provided at the hearing. Johnson asserts that "there was nothing particularly egregious about his alleged failure to return to lawful detention charge" and notes his ability to secure employment and his "commitment to remain drug free". *Appellant's Brief* at 10.

[10] Both community corrections programs and probation serve as alternatives to commitment to the DOC and are made at the sole discretion of the trial court. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). Placement in either is a matter of

grace and a conditional liberty that is a favor, not a right. *Id*. After a hearing and upon finding that a violation occurred, the trial court may revoke the defendant's placement in community corrections and commit the person to the DOC for the remainder of his sentence. *Christie v. State*, 939 N.E.2d 691, 694 (Ind. Ct. App. 2011) (citing Ind. Code § 35-38-2.6-5). The court may also revoke the defendant's probation and order all or part of the previously suspended sentence to be executed. I.C. § 35-38-2-3(h)(3).

[11] We review the trial court's sentencing decision in a revocation proceeding for an abuse of discretion. *Puckett v. State*, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011). An abuse of discretion will be found if the trial court's decision is against the logic and effect of the facts and circumstances. *Id*.

[12] The trial court did not abuse its discretion by ordering Johnson to serve his entire thirty-month sentence, including the previously suspended term, in the DOC. After being granted considerable grace by the trial court, Johnson committed a new crime by failing to return to the COS Program on his first day of placement. He continued to avoid serving his sentence until he was arrested about six weeks later. During this time, he also failed to appear for a pre-trial conference in another criminal matter. At the revocation hearing, Johnson then fabricated a story to explain his actions. The nature of Johnson's violation warranted the sanction imposed.

[13] Judgment affirmed.

Baker, J. and Bailey, J., concur.