## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 9:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jacob D. Hudson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

January 31, 2020

Court of Appeals Case No.
19A-CR-1921

Appeal from the Madison Circuit Court

The Honorable Mark Dudley, Judge

Trial Court Cause No.
48C06-1811-F4-2954

**Crone, Judge.**

# Case Summary

Jacob D. Hudson appeals the trial court's order revoking his placement in community corrections and committing him to the Indiana Department of Correction ("DOC") to execute the remainder of his two-year sentence. He asserts that the trial court abused its discretion in ordering the execution of his sentence in the DOC. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

In November 2018, the State charged Hudson with level 4 felony arson and level 6 felony auto theft. Hudson agreed to plead guilty to both crimes as level 6 felonies on April 26, 2019. Pursuant to the plea agreement, the trial court sentenced Hudson to two years of in-home detention.

A little over a month later, the State filed a motion for revocation of community corrections placement alleging that Hudson violated the terms and conditions of his placement by failing to obtain a substance abuse evaluation, testing positive for methamphetamine, failing to pay home detention fees, and failing to submit to a requested drug screen. The State subsequently filed an amended notice of violation to include additional allegations that Hudson committed new criminal offenses by possessing a syringe and narcotics, testing positive for amphetamine, norfentanyl, and norbuprenorphine, and failing to pay urine drug screen fees.

During an evidentiary hearing on the State's motion, Hudson admitted to violating his placement by using methamphetamine and norfentanyl, failing to

submit to requested drug screening, and failing to pay home detention and drug screen fees. The State dismissed the allegations that Hudson used amphetamine and norbuprenorphine, and that he failed to obtain a substance abuse evaluation. Hudson denied committing a new criminal offense. The State presented evidence that on May 31, 2019, Anderson Police Department officers found Hudson unresponsive in a pickup truck that had crashed into a bridge railing. A syringe was located next to Hudson in the truck. Because officers believed that Hudson was overdosing, they removed him from the truck and administered a dose of Narcan. Hudson woke up and was transported to the hospital. Officers found heroin in the pickup truck.

[5] At the conclusion of the hearing, the trial court accepted Hudson's admissions to violating the terms and conditions of his placement and further concluded that the State had met its burden to prove, by a preponderance of the evidence, that Hudson had committed the new crimes of unlawful possession of a syringe and possession of a narcotic drug. Before the trial court announced its sanction for Hudson's violations, Hudson requested that he be permitted to serve the remaining six months of his executed sentence, or at least the last ninety days, in an inpatient treatment facility to address his addiction issues. The trial court rejected Hudson's request and instead ordered Hudson to serve the remainder of his sentence in the DOC. This appeal ensued.

## Discussion and Decision

[6] Hudson contends that the trial court abused its discretion in ordering a fully executed sentence in the DOC as a sanction for his violation of his placement in

community corrections. We begin by noting that placement in community corrections is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Toomey v. State*, 887 N.E.2d 122, 124 (Ind. Ct. App. 2008) (quoting *Million v. State*, 646 N.E.2d 998, 1001 (Ind. Ct. App.1995)). Further, "[b]oth probation and community corrections programs serve as alternatives to commitment in the DOC and both are made at the sole discretion of the trial court." *Holmes v. State*, 923 N.E.2d 479, 482 (Ind. Ct. App. 2010).

[7]     This Court treats a petition to revoke placement in a community corrections program the same as a petition to revoke probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Puckett v. State*, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. Upon finding a community corrections violation, the trial court at its discretion may impose one or more of the following sanctions: (1) change the terms of the placement; (2) continue the placement; or (3) revoke the placement and commit the person to the DOC for the remainder of the sentence. Ind. Code § 35-38-2.6-5.

[8]     Here, the trial court revoked Hudson's placement and committed him to the DOC for the remaining six months of his sentence. In rejecting his request to instead execute the remainder of his sentence, or at least a portion thereof, in a treatment facility to address his addiction issues, the trial court emphasized Hudson's extensive history with the criminal justice system and noted that he

had previously received services through drug court, purposeful incarceration, CTP, COS, and in-home detention. Tr. Vol. 2 at 25.[1] Rather than successfully complete any of those programs, Hudson repeatedly accumulated new criminal charges. Hudson acknowledged, "I know that my past hasn't really reflected anything probably good." *Id*. at 27. The trial court observed, "[Y]ou've been given lots of chances[,]" and noted, "In my estimation other Judges have already provided you everything that's possible in the community and so I'm left with revoking your [placement] to the Department of Correction based on your admissions and the Court's finding." *Id*. at 30. Under the circumstances, we cannot say that the trial court abused its discretion when it revoked Hudson's placement and ordered him to execute the remainder of his sentence in the DOC.

[9] Affirmed.

May, J., and Pyle, J., concur.

---

[1] CTP stands for community transition program. COS stands for continuum of sanctions.