## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 04 2020, 10:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEY FOR APPELLEE

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Russell Edward Allender, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff,* | June 4, 2020 <br><br> Court of Appeals Case No. 19A-CR-1831 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Mark K. Dudley, Judge <br><br> Trial Court Cause Nos. 48C06-1809-F6-2322 48C06-1808-F2-2160 |

**Robb, Judge.**

# Case Summary and Issue

[1] Russell Allender appeals the trial court's revocation of his suspended sentence and participation in Madison County's Community Corrections Continuum of Sanctions ("COS") program, raising one issue for our review: whether the trial court abused its discretion in ordering him to serve the balance of his sentences in the Indiana Department of Correction ("DOC"). Concluding the trial court's sanction was not an abuse of its discretion, we affirm.

# Facts and Procedural History

[2] In March 2019, Allender pleaded guilty to resisting law enforcement and failure to return to lawful detention, both Level 6 felonies.[1] The failure to return to lawful detention charge arose when Allender was serving a sentence in community corrections and failed to return to the work release program after having been granted temporary leave for an appointment. While absent from work release, Allender was arrested, giving rise to the resisting law enforcement charge. The plea agreement left the sentence "[o]pen to the Court with a cap of three (3) years on the aggregate executed portion of the sentence." Appendix of Appellant, Volume II at 44. On April 5, Allender was sentenced to two years

---

[1] The charges were filed in two separate cause numbers. Cause 48C06-1808-F2-2160 ("Cause 2160"), filed August 24, 2018, charged Allender with dealing in methamphetamine, a Level 2 felony, resisting law enforcement, a Level 6 felony, and driving while suspended, a Class A misdemeanor. The dealing and driving while suspended charges were dismissed as part of the plea agreement. Cause 48C06-1809-F6-2322 ("Cause 2322"), filed September 12, 2108, charged Allender with failure to return to lawful detention. The plea agreement also disposed of a charge in Cause 48C06-1805-F6-1454, which does not seem to be at issue in this case.

for his conviction of failure to return to lawful detention and ordered to execute his sentence through the COS program beginning on work release. *Id.* at 80. With respect to his conviction of resisting law enforcement, Allender was sentenced to two years and ordered to execute one year of his sentence through the COS program beginning on work release, with one year suspended to probation. The sentences were ordered to be served consecutively. Allender was placed in the work release facility on April 22, 2019 to begin his COS sentence.

[3] On May 13, the COS program filed a Notice of Adult Day Reporting/Continuum of Sanctions Termination in both cause numbers alleging two rule violations:

> a) On 05/07/2019, . . . Allender committed the new criminal offense of Possession of a Synthetic or Lookalike Substance, a C Misdemeanor.
>
> b) On 05/10/2019, . . . Allender committed an Adult Day Reporting/Continuum of Sanctions/Work Release violation of failing to meet financial obligations. Mr. Allender has $359.83 in arrears owed to the Work Release Program.

*Id.* at 158. On May 17, the notice was amended to add an additional allegation:

> c) On 05/06/2019, . . . Allender submitted a random urine drug screen that was sent to Witham Laboratories for confirmation and returned positive for Synthetic Cannabinoids.

*Id.* at 159.  And on June 20, the notice was amended a second time to add an additional allegation:

> d) On 06/16/2019, . . . Allender committed the Continuum of Sanctions/Work Release violation of Assault on a Work Release participant.

*Id.* at 162.[2]

[4] At the revocation hearing, Allender admitted to the violations alleged in subsections a, b, and c, but denied the allegations in subsection d because he did not remember attacking another work release participant or possessing a lookalike substance on June 16 because he "was on the K2 spice" on that day. Transcript, Volume II at 41.  After hearing evidence on allegation d, the trial court found that he had committed the violation alleged therein.  During the sanctions portion of the hearing, Allender testified:

> I'm tired of putting my family through this.  I'm tired of putting myself through this.  I . . . need help and . . . I've always tried to make excuses to you know hey I need to get better for my kids, I need to get better for this person.  Now . . . going through this program . . . I found out the real problem and that I needed [to get] better for myself and that way you know everything follows,

---

[2] Concurrently, the probation department filed a Notice of Violation of Suspended Sentence in Cause 2160 on May 15 alleging that Allender had taken "substantial steps toward the commission of . . . Possession of Synthetic or Look-A-Like Substance" on May 7, *id*. at 120, and amended the notice on June 17 to allege that Allender had taken "steps toward the commission of . . . Battery with Bodily Injury; and Possession of Synthetic Look-A-Like Substance" on June 16, *id*. at 127.  In addition, on May 10, the COS program gave notice to the trial court that Allender was serving a twenty-eight (fourteen actual) day sanction in the Madison County Correctional Complex for being so intoxicated at a treatment program meeting on May 10 that he was returned to the work release facility by police.  *Id*. at 119.

falls in place. . . . I continued to . . . make excuse[s] to use and I don't want it no more. Whatever happens today . . . I just want help. That's all I'm asking.

*Id.* at 49-50. Essentially, Allender asked the trial court to consider referral to Mental Health or Drug Court, "[w]hatever will give me help." *Id.* at 50. The trial court found that Allender had violated the conditions of his COS and suspended sentence and ordered him to serve the remaining portion of his sentences in the DOC.

# Discussion and Decision

[5]     Allender's sole argument is that the trial court abused its discretion in ordering him to execute his full sentence in the DOC because he "has finally recognized that he has a substance abuse problem [and h]is request for placement in either the local mental health court or drug court could give him the assistance he needs to end his substance abuse and the crimes that result from such abuse." Brief of Appellant at 6. He contends that if he fails *that* program, *then* he could be sent to the DOC.

[6]     Both community corrections programs and probation serve as alternatives to commitment to the DOC and are ordered at the sole discretion of the trial court. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). Placement in either program is a matter of grace and a conditional liberty that is a favor, not a right. *Id.* "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to

proceed." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Therefore, we review a decision to revoke placement in a community corrections program in the same way we review a decision to revoke probation. *Cox*, 706 N.E.2d at 549. After a hearing and upon finding that a violation occurred, the trial court may revoke the defendant's placement in community corrections and order all or part of the previously suspended sentence to be executed. Ind. Code § 35-38-2-3(h)(3). We review the sanction the trial court imposes in a revocation proceeding for an abuse of discretion. *Puckett v. State*, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011). An abuse of discretion will only be found if the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[7]  Here, within one month of being given the grace of serving his sentence in the COS program (and within two weeks of actually beginning the program), Allender began violating the terms of that program by continuing to use illicit substances and attacking another work release participant as a result. Before announcing a sanction at the revocation hearing, the trial court noted that Allender had been before the court "more than a couple times." Tr., Vol. II at 52. The trial court further noted that at Allender's sentencing hearing in April, Allender acknowledged "this is his last chance . . . [a]nd I agreed[.]" *Id.* Concluding "this isn't another chance[,]" and based on Allender's admissions and the court's findings as to the alleged violations, the trial court revoked the community corrections placement in both cause numbers and ordered him to serve his executed sentences in the DOC. *Id.*

[8]     The trial court had previously shown Allender leniency by committing him to community corrections before these two cases arose. Even after Allender squandered that initial opportunity by being charged in these two cases, and even after he received a beneficial plea agreement that dismissed a Level 2 felony charge in favor of these two Level 6 felony convictions, the trial court extended Allender additional grace. Yet Allender remained recalcitrant. *See* Tr., Vol. II at 52 (the trial court noting, "[Y]ou've been given more than a couple opportunities . . . to succeed in the community and you haven't."). The pre-sentence investigation report for these cases shows that as an adult, Allender has been arrested thirty-three times, has been convicted of eleven misdemeanors and six felonies (including the current offenses), and "has been on probation, parole, and community corrections multiple times, and has violated both community corrections and probation several times." App. of Appellant, Volume II at 58.

[9]     We appreciate that Allender has struggled with substance abuse issues, and we hope he is genuine when he says he is tired of that life. Moreover, we hope that he will take advantage of any and all treatment programs available in the DOC. Nonetheless, he continued using drugs during his brief time in the COS program and we agree with the State that Allender's behavior "represents a clear disregard for the rules and opportunity of a community corrections sentence." Appellee's Brief at 11. The trial court's orders that Allender serve the balance of his previously suspended sentences in the DOC are supported by

the record and it was well within the trial court's discretion to decline to offer him further grace in the form of commitment to a problem solving court.

# Conclusion

[10] The judgment of the trial court revoking Allender's placement in community corrections and ordering him to serve the balance of his sentence in the DOC is affirmed.

[11] Affirmed.

May, J., and Vaidik, J., concur.