758 N.E.2d 1014 (2001)
Kenneth WASHINGTON, Appellant-Defendant,
v.
STATE of Indiana, Appellee-Petitioner.
No. 49A04-0103-CR-110.
Court of Appeals of Indiana.
November 30, 2001.
*1015 Sarah L. Nagy, Indianapolis, Indiana, Attorney for Appellant.
*1016 Steve Carter, Attorney General of Indiana, Robin Hodapp-Gillman, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

OPINION
BAILEY, Judge.

Case Summary
Kenneth Washington appeals the revocation of his probation. We affirm.

Issues
Washington presents several issues, which we consolidate and restate as: whether the trial court properly revoked Washington's probation.

Facts and Procedural History
On August 6, 1999, Washington pled guilty to Forgery, a Class C felony, relating to Washington's use of another person's credit card while under the influence of alcohol. During his sentencing hearing, Washington asked for leniency, citing his long history of alcohol abuse. In particular, Washington asked that the court require him to participate in the Sober Life Alternatives substance abuse program. The trial court sentenced Washington to a total of eight years, with two executed years to be spent in a community corrections program, and two years of probation. The court ordered Washington to reside at Beacon House, apparently a facility for substance abusers, during his probationary period, and directed him to participate in all available programs there, as well as the Sober Life Alternatives program. The court noted that Washington had a long history of alcohol-related criminal activity, and explained to Washington that if he did not comply with these restrictions he had asked for, "you can just pack up your toothbrush because you're going off to the Department of Corrections for the full six years remaining," and that this was Washington's "last chance." Washington told the judge that he understood her conditions and thanked her. Washington also reviewed and signed the court's Order of Probation, which listed the conditions of his probation. Around March or April of 2000, Washington was released from the community corrections program and took up residence at the Beacon House facility. Washington did not participate in the Sober Life Alternatives program, and was released from the facility in May or June of 2000 in connection with the consumption of alcohol and marijuana among fellow residents. At that point, he stopped communicating with his probation officer and made no effort to comply with the other conditions of his probation. On June 20, 2000, his probation officer filed a "Notice of Probation Violation" and "Petition for Court Action" form with the court, alleging that Washington had violated his probation in various ways, including failing to participate at Beacon House, failing to report to the probation department, and failing to comply with substance abuse treatment. Washington was arrested in December 2000 after he urinated in public, and was charged with Public Indecency. The probation department amended its Notice and Petition to include an allegation regarding this charge.
The trial court, presided over by the same judge that sentenced Washington, held a hearing on the petition to revoke Washington's probation on January 12, 2001. At the outset of the hearing, Washington's counsel asked Washington if he had reviewed the probation department's allegations. Washington responded that he had, and admitted that the allegations were true. Washington stated that he knew the trial court could revoke his probation, but again asked the court to direct him to participate in a substance abuse counseling program. The judge excoriated Washington for squandering the opportunity *1017 he had been given to seek treatment through Beacon House and the Sober Life Alternatives program, and revoked his probation. Washington appeals.

Discussion and Decision

A. Standard of Review
A probation revocation hearing is in the nature of a civil proceeding and, therefore, a violation need only be proven by a preponderance of the evidence. King v. State, 642 N.E.2d 1389, 1393 (Ind.Ct. App.1994). A trial court may revoke a person's probation upon evidence of the violation of any single term of probation. Wilson v. State, 708 N.E.2d 32, 34 (Ind.Ct. App.1999). This court will neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we look to the evidence most favorable to the State. If there is substantial evidence of probative value to support the trial court's decision that the probationer is guilty of a violation, revocation is appropriate. Morgan v. State, 691 N.E.2d 466, 468 (Ind.Ct.App. 1998).

B. Analysis

1. Due Process
Washington first claims that the trial court's revocation of his probation did not comport with the dictates of the Due Process clause. The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation. Long v. State, 717 N.E.2d 1238, 1240 (Ind.Ct.App.1999). The minimum requirements of procedural due process in the context of probation revocation proceedings include written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, the opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses, the right to a neutral and detached hearing body, and a written statement by the fact finder as to the evidence relied upon and reasons for revoking probation. Id. Washington specifically claims that he was not provided written notice of his alleged violations, that he was denied the right to a neutral and detached fact finder, and that the trial court failed to provide him with a written statement regarding the revocation.

a. Written Notice
Pursuant to Indiana Code section 35-38-2-3, a petition for revocation must have been filed before Washington's probation was revoked. Further, due process mandated that the notice to Washington disclose the grounds supporting revocation. See England v. State, 670 N.E.2d 104, 105 (Ind.Ct.App.1996). Washington contends that the revocation of his probation was illegal because the State never filed a petition to revoke Washington's probation, and that he was therefore deprived of written notice of the grounds allegedly supporting the revocation of his probation. The groundlessness of this allegation no doubt explains Washington's failure to raise any objection below.
On June 20, 2000, as noted above, the probation department filed a document headed "Notice of Probation Violation" and "Petition for Court Action." The probation department made the following allegations:
1. Mr. Washington has failed to participate at Beacon House as directed.
2. Mr. Washington has failed to report to the probation department as scheduled.
3. Mr. Washington has failed to provide the probation department with his current address.
*1018 4. Mr. Washington has failed to comply with his substance abuse treatment.
5. Mr. Washington has failed to complete his Community Work Service.
6. Mr. Washington has failed to make a good faith effort towards his Court ordered financial obligation.
(App. 138.) The probation department's notice/petition further alleged, among other things, that Washington had been arrested on May 21, 2000 for public intoxication, that Washington had been released from the Beacon House program for having alcohol on the premises, and that Washington had failed to keep an appointment with his probation officer on June 1, 2000. An amended notice/petition was filed on December 20, 2000, adding the following allegation:
7. On 12/12/00, Mr. Washington was arrested and charged with Public Indecency; Indecent Exposure....
(App. 144.) The probation department's notice/petition satisfied the requirements of Indiana Code section 35-38-2-3, and Washington was not deprived of notice of the grounds supporting the revocation of his probation.

b. Neutral and Detached Fact Finder
Washington next contends that the trial court was not a neutral and detached fact finder. He bases this allegation on the fact that the trial court judge criticized Washington's continued use of alcohol and his non-compliance with the treatment conditions Washington himself had begged the court to impose during sentencing. The law presumes that a judge is not biased or prejudiced in the matters that come before the court. Flowers v. State, 738 N.E.2d 1051, 1060 (Ind. 2000), reh'g denied. A court's judgment will not be reversed unless the record shows actual bias and prejudice against the defendant. Id. at 1061. The defendant must establish that the judge's actions crossed the bounds of impartiality and actually prejudiced the defendant's case. Id. Washington has made no such showing. There is no indication whatsoever that the court revoked Washington's probation out of some personal distaste for his alcoholism. Rather, the record shows that the court made its comments regarding Washington's substance abuse to explain why the court was denying Washington's request to impose virtually the same conditions Washington had ignored in the first place.

c. Written Statement of Revocation
Washington further claims that his due process rights were violated because the trial court failed to reduce its findings to writing. Due process requires a written statement by the fact finder regarding the evidence relied upon and the reasons for the revocation of probation. Crump v. State, 740 N.E.2d 564, 568 (Ind. Ct.App.2000), trans. denied. This requirement may be satisfied by placement of the transcript of the evidentiary hearing in the record if the transcript contains a clear statement of the trial court's reasons for revoking probation. Id. at 568-69. Here, the transcript of the revocation hearing has been placed in the record, and clearly discloses that the trial court revoked Washington's probation on the basis of Washington's candid admission that he committed the actions alleged by the probation department.

2. Sufficiency of the Evidence
Washington also argues that the revocation was improper because there was insufficient evidence that he violated the terms of his probation. In particular, Washington contends that he was never apprised of some of the conditions he admitted to violating. We disagree. The *1019 conditions of Washington's probation were listed on the court's Order of Probation, a copy of which Washington reviewed and signed. The order lists various "Standard Conditions," including requirements that Washington refrain from committing criminal offenses and report as directed to the probation department. The order also lists certain "Special Conditions" including the requirement that Washington live for two years at Beacon House and participate in all available programs. Further, the order apparently provided that Washington was to participate in a substance abuse counseling program through the Sober Life Alternatives program.[1] Washington read and signed the order listing these conditions.
There was sufficient evidence that Washington violated these conditions. Washington himself admitted during the hearing that he had reviewed the probation department's allegations, that he committed the alleged violations, and that he understood that his probation could be revoked upon his admission. He admitted during the hearing that he was kicked out of Beacon House before two years had expired, in clear violation of the terms of his probation. He also admitted to the conduct giving rise to his Public Indecency charge, conduct in violation of the condition that he not commit a criminal offense. Further, there is no question that he failed to participate in the Sober Life Alternatives program. The court, as noted above, was entitled to revoke Washington's probation upon the finding of any one of these violations. The trial court heard sufficient evidence that Washington violated conditions of his probation, and the trial court's decision to revoke Washington's probation is affirmed.
Affirmed.
KIRSCH, J., and BROOK, J., concur.
NOTES
[1] The portion of the court's order that may refer to the Sober Life Alternatives program appears to have been obscured or omitted from the copy of the order in Washington's Appendix. However, during the revocation hearing, Washington's counsel agreed with the trial court that the requirement was listed on the order, and while Washington contends that he was not made aware of his obligation to attend the program, he does not base this argument on the absence of the condition from the court's order.