**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD J. EVANS**
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN K. COTTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 64A05-1111-CR-641 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable David L. Chidester, Judge
Cause No. 64D04-0804-FD-3552 & 64D04-0803-CM-2697

**August 7, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Kevin K. Cotton (Cotton), appeals the trial court's revocation of his probation.

We affirm.

## ISSUES

Cotton raises three issues on appeal, which we consolidate and restate as the following two issues:

(1) Whether the trial court properly revoked Cotton's probation; and

(2) Whether the trial court properly denied Cotton's motion for change of judge.

## FACTS AND PROCEDURAL HISTORY

On October 6, 2011, the trial court held an evidentiary hearing to consider whether or not to revoke Cotton's probation.[1] Cotton appeared and intended to submit a plea agreement in which he admitted he had violated his probation by committing a new crime of child molesting. However, during the hearing, Cotton expressed his innocence in the child molesting conviction in case number D02-0911-FA-12164 (FA-12164) and stated that he intended to appeal the conviction. FA-12164 served as the primary basis for the petition to revoke Cotton's probation. Because the State was unable to establish a factual

---

[1] The record is unclear in which cause the State filed a petition for violation of probation as Cotton failed to include the State's petitions to revoke his probation in his appendix. From the limited record before us, it appears that the State filed a petition to revoke Cotton's probation in a previous misdemeanor conviction as well as in a previous D felony conviction.

basis for the plea agreement, Cotton was returned to the Porter County Jail and held without bond pending further proceedings.

On October 20, 2011, a second evidentiary hearing was held before the trial court regarding the petition to revoke Cotton's probation. During the second hearing, Cotton's defense counsel informed the trial court that Cotton did not intend to enter into a plea agreement and that Cotton had requested that his counsel file a motion for a change of judge. Defense counsel refused this request because after researching the issue he did not believe Cotton had grounds to file a motion for a change of judge. Cotton also expressed that he no longer wanted his attorney to represent him as his defense counsel. The trial court denied Cotton's oral motions to withdraw the appearance of his counsel and motion for a change of judge. The trial court explained to Cotton that it believed him to be a danger to the community while on bond and unable to adhere to court directives. The judge also explained to Cotton that he held no prejudice against him and had given him all due process in the matter.

The trial court took judicial notice of Cotton's conviction in FA-12164, and of the police reports, probable cause affidavit, and charging information in two invasion of privacy charges that were then pending before the same trial court. The trial court also allowed the State to submit a positive drug screen from Cotton's probationary period which violated the terms of his probation and served as an additional basis for revocation.

On October 27, 2011, the trial court issued its Amended Order revoking Cotton's probation and ordered Cotton to execute twenty months of his previously suspended sentence.

Cotton now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

*Standard of Review*

The decision to revoke probation is within the sound discretion of the trial court and its decision is reviewed on appeal for abuse of that discretion. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Figures v. State*, 920 N.E.2d 267, 271 (Ind. Ct. App. 2010). When reviewing the trial court's determination that the appellant violated his probation, we may neither reweigh the evidence nor reassess the credibility of the witness. *Thornton v. State*, 792 N.E.2d 94, 96 (Ind. Ct. App. 2003). This court must look at the evidence most favorable to the trial court's judgment and determine whether substantial evidence of probative value supports that judgment. *Id.* at 96-97.

I. *Revocation of Probation*

Cotton first contends that the trial court improperly revoked his probation. Probation is a matter of grace and a conditional liberty which is a favor, not a right. *Ripps*, 968 N.E.2d at 326. The trial court determines the conditions of probation and may revoke probation if those conditions are violated. *Id.* Probation revocation proceedings

4

are civil in nature and the State needs to prove a violation of probation by only a preponderance of the evidence. *Thornton*, 792 N.E.2d at 96. A trial court may revoke a person's probation upon evidence of the violation of any single term of probation. *Washington v. State*, 758 N.E.2d 1014, 1017 (Ind. Ct. App. 2001). If there is substantial evidence of probative value to support the trial court's decision that the probationer is guilty of a violation, the revocation is appropriate. *Id.*

Cotton argues that the trial court abused its discretion by taking judicial notice of underlying records when the State failed to introduce the actual paper records from which the court took judicial notice. Initially, we note that Cotton failed to object to the trial court's announcement that it would be taking judicial notice of the transcript and filings that supported his conviction in cause number FA-12164. Because he failed to make a contemporaneous objection, he has waived his arguments. *See Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) *reh'g denied*. Waiver notwithstanding, a court may take judicial notice of the law including rules of court and the records of a court of this state. Ind. Evidence Rule 201(B). While the trial court is barred from taking judicial notice of other cases previously before that court, this rule has not been applied to probation revocation hearings. *Whatley v. State*, 847 N.E.2d 1007, 1009 (Ind. Ct. App. 2006). Cotton's child molestation conviction was a record of the court of the state; therefore, the trial court properly took judicial notice of the conviction.

Cotton also disputes whether his positive drug screen was credible enough to support the State's petition to revoke Cotton's probation. As stated above, a trial court

may revoke a probation based on a violation of any single term of probation. *See Washington*, 758 N.E.2d at 1017. The State submitted a drug screen obtained during Cotton's probationary period as evidence that he violated a term of his probation by the use of controlled substances. At no point did Cotton object to the drug test admitted by the State to preserve this error for appeal. Consequently, Cotton has waived review of any error. *See Brown*, 929 N.E.2d at 207. Even if his drug screen was improperly submitted, an independent basis for revocation existed for Cotton's probation revocation. The trial court also based the revocation on Cotton's criminal activity following probation, including invasion of privacy charges in FD-12163. Therefore, there was substantial evidence of probative value to support the trial court's decision that Cotton had violated the terms of his probation and properly revoked his probation.

## II. *Denial of Motion for Change of Judge*[2]

Cotton also contends that the trial court improperly denied his motion for a change of judge. In felony and misdemeanor cases, the State or defendant may request a change of judge for bias or prejudice. Ind. Crim. Rule 12(B). Adjudicating a request for change of judge based on Rule 12(B) requires an objective, not subjective, legal determination by the judge, who is to examine the affidavit, treat the facts recited in the affidavit as true,

---

[2] Defense counsel stated to the court, "Cotton has requested that I file a Motion for Change of Judge from Your Honor. I informed him that I did not think that there were grounds for the same, I researched that issue, provided him with the same, and Mr. Cotton has now indicated to me that he does not wish for me to continue to serve as his legal counsel in these matters before your Honor." (Transcript, Vol. II, pp. 4-5). The trial court replied, "the motion by the defendant to withdraw the appearance of his counsel is hereby denied, the motion for Change of Judge is denied." (Tr. Vol. II, p. 5). The chronological case summary does not indicate an actual filing of the two motions but we will interpret the motions as actually filed.

and determine whether those facts support a rational inference of bias or prejudice. *Voss v. State*, 856 N.E.2d 1211, 1216 (Ind. 2006). A change of judge is neither automatic nor discretionary, but rather requires that the trial judge make a legal determination, not a self-analysis, of actual bias or prejudice. *Id*. The law presumes that a judge is unbiased and unprejudiced in matters which come before him. *Beverly v. State*, 543 N.E.2d 1111, 1115 (Ind. 1989). Neither adverse rulings nor findings by a trial judge or the fact that he sentenced a defendant in a previous trial are sufficient reason to believe the judge has a personal bias or prejudice *per se*. *Id.*

Here, Cotton did not establish a rational inference of bias or prejudice; therefore, the trial judge did not err in denying his motion to change the judge. At the second evidentiary hearing held on October 20, 2011, Cotton, in general terms, expressed to the trial court that he believed the court was prejudiced against him. In response, the trial court made a finding that it had no adverse feelings towards Cotton, but was disappointed he had signed a plea agreement but did not submit it. The trial court expressed to Cotton that it was frustrated that he had wasted the trial court's time at the first evidentiary hearing but specifically reassured him that it held no prejudice against him. Furthermore, Cotton argues that the trial court judge should have recused himself because it was improper to take judicial notice of the conviction in the prior child molestation case; his argument fails because the trial court is permitted to take judicial notice without being requested. *See* Evid. R. 201(C)

## CONCLUSION

7

Based on the foregoing, we conclude that: (1) the trial court properly revoked Cotton's probation; and (2) the trial court properly denied Cotton's motion for change of judge.

Affirmed.

NAJAM, J. and DARDEN, S. J. concur