**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Aug 14 2012, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| SADEEQ DANBALA, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 49A04-1201-CR-27 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-1006-FB-49661

**August 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Sadeeq Danbala ("Danbala") appeals the revocation of his probation, presenting the sole issue of whether there is sufficient evidence to support the revocation. We affirm.

**Facts and Procedural History**

On March 11, 2011, Danbala pled guilty to Sexual Misconduct with a Minor, as a Class C felony.[1] He received an eight-year sentence, with six years suspended. He was also placed on probation, with sex offender conditions, for three years. Among the conditions of Danbala's probation were that he was required to "attend, actively participate in and successfully complete an approved sex offender treatment program as directed by the probation department" and maintain a single, verifiable residence in Marion County. (App. 70.)

On November 22, 2011, the State filed a Notice of Probation Violation alleging that Danbala had committed four probation violations. On January 4, 2012, the trial court conducted an evidentiary hearing and found that Danbala had violated two terms of his probation, by failing to complete sex offender therapy and failing to maintain a single, verifiable residence. The trial court revoked Danbala's probation and ordered that he serve his suspended sentence. Danbala now appeals.

**Discussion and Decision**

Danbala challenges the sufficiency of the evidence to support the revocation of his probation, claiming that his odd work hours caused him to have difficulty getting to sex

---

[1] Ind. Code § 35-42-4-9.

2

offender therapy sessions on time, and arguing that the evidence supported an inference that he had maintained a residence at an apartment on Ashley Lane.

A probation revocation hearing is in the nature of a civil proceeding and, therefore, a violation need only be proven by a preponderance of the evidence. Washington v. State, 758 N.E.2d 1014, 1016 (Ind. Ct. App. 2001). In determining whether there is sufficient evidence to support a probation revocation, we use the same standard of review as with other sufficiency matters. Downs v. State, 827 N.E.2d 646, 651 (Ind. Ct. App. 2005), trans. denied. We will consider only the evidence most favorable to the State, along with the reasonable inferences that may be drawn therefrom. Id.

Danbala was enrolled, upon referral by his probation officer, in a sex offender treatment program at Concepts in Coping in Indianapolis. His therapist, Carolyn Potts ("Potts"), testified that Danbala had, on September 27, 2011, signed a treatment contract including behavioral standards of compliance. One standard required calling ahead to report tardiness. Potts testified that, for the six weekly therapy sessions between October 13, 2011 and December 1, 2011, Danbala was on time on only one occasion. He was tardy to his first session on October 13. He was forty minutes late to his October 27 session and one hour late to the November 3 meeting. Danbala was warned that he would be denied access if he was again tardy; however, on November 10, he arrived thirty-five minutes late and was denied access. He was absent from subsequent sessions.[2] In each instance, he had failed to call to

---

[2] When Danbala failed to appear on November 17, the probation department was alerted. When Danbala did not appear or call on December 1, a termination letter was sent to the probation department.

provide an explanation for tardiness or absence. The State presented sufficient evidence to establish by a preponderance of the evidence that Danbala violated a term of his probation.

We need not decide whether there is also sufficient evidence that Danbala failed to maintain a single, verifiable residence,[3] because a trial court may revoke a person's probation upon evidence of the violation of any single term of probation. Washington v. State, 758 N.E.2d 1014, 1017 (Ind. Ct. App. 2001). There is sufficient evidence to support the revocation of Danbala's probation.

Affirmed.

RILEY, J., and CRONE, J., concur.

---

[3] Jeanine Faulkner ("Faulkner"), Danbala's probation officer, testified that she had visited Danbala's reported residence on eight occasions from August 26 through November 9, 2011. He was present only once, an occasion when he had an appointment for residence verification. Upon initiating a search in November of 2011, Faulkner found that Danbala had minimal clothing, no bed, and no toothbrush at the residence.