**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 11 2013, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH A. HARRELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  52A02-1307-CR-576 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MIAMI SUPERIOR COURT
The Honorable Daniel C. Banina, Judge
Cause No. 52D02-1211-FD-268

**December 11, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Here, appellant-defendant Joseph Harrell appeals the revocation of his probation after violating the terms of his probation only nine days after having his sentence suspended to probation for previous offenses. Finding no error, we affirm the judgment of the trial court.

FACTS

On November 7, 2012, the State charged Harrell with two counts of class D felony domestic battery and one count of class A misdemeanor interference with reporting a crime. On March 21, 2013, pursuant to a plea agreement, Harrell pleaded guilty to one count of class D felony domestic battery, and the trial court sentenced him to one and one-half years with all but time served suspended to probation. Nine days later, Harrell committed attempted theft, claiming that he had lost his job and decided to steal.

On April 26, 2013, Harrell's probation officer filed a petition to modify or revoke probation for committing the subsequent offense, and Harrell admitted to violating his probation at the May 9th initial hearing. On June 6, 2013, the trial court held a sanctions hearing and considered Harrell's criminal history, including a domestic battery conviction, felony reckless endangerment, several driving offenses, and probation that had been terminated as unsuccessful as aggravating circumstances. The trial court revoked Harrell's probation and ordered him to serve the balance of his suspended sentence in the Department of Correction. Harrell now appeals.

DISCUSSION AND DECISION

Harrell argues that the trial court erred in ordering his entire suspended sentence to be executed because "he accepted responsibility [and the new offense was] an isolated incident." Appellant's Br. p. 4. We review a trial court's decision to revoke probation for an abuse of discretion, which occurs where the decision is clearly against the logic and effect of the facts and circumstances. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). Where, as here, a probationer admits to the violation, the trial court can proceed directly to whether the violation warrants revocation. Woods v. State, 892 N.E.2d 637, 640 (Ind. 2008). "A trial court may revoke a person's probation upon evidence of the violation of any single term of probation." Washington v. State, 758 N.E.2d 1014, 1017 (Ind. Ct. App. 2001).

In the instant case, in addition to Harrell admitting to the violation, Harrell's criminal involvement began at a young age and has escalated. Harrell has been convicted of domestic battery twice within four years. PSI p. 6-7. Moreover, Harrell violated his probation that was imposed on an earlier conviction, and, consequently, it was terminated unsuccessfully. Id. at 6. Perhaps most compelling, Harrell violated his probation in this case only nine days after being sentenced. Tr. p. 19. Under these facts and circumstances, we cannot say the trial court erred by revoking Harrell's probation and ordering the balance of his suspended sentence to be executed in the Department of Correction. See Butler v. State, 951 N.E.2d 255, 262-63 (Ind. Ct. App. 2011) (affirming

3

imposition of balance of suspended sentence based on defendant's criminal history and prior unsuccessful probation).

The judgment of the trial court is affirmed.

RILEY, J., and VAIDIK, J., concur.