## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 24 2015, 8:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Benjamin T. Haines,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 24, 2015

Court of Appeals Case No.
01A02-1410-CR-684

Appeal from the Adams Circuit Court

The Honorable Chad E. Kukelhan, Judge

Cause No. 01C01-0606-FB-3

**Brown, Judge.**

[1] Benjamin T. Haines appeals the revocation of his probation. Haines raises two issues, which we revise and restate as:

I. Whether the trial court violated his right to due process when it failed to provide a statement of reasons explaining why it revoked his entire suspended sentence; and

II. Whether the court committed fundamental error by failing to provide him with an opportunity to present mitigating evidence after it found that a probation violation had been committed.

We affirm.

### Facts and Procedural History

[2] On June 9, 2006, Haines was charged with burglary as a class B felony and theft as a class D felony under cause number 01C01-06069-FB-3 ("Cause No. 3"). On June 19, 2006, Haines pled guilty to five felonies and two misdemeanors under four cause numbers, including Cause No. 3, in which he pled guilty to burglary as a class B felony.[1] On July 10, 2006, Haines was sentenced to ten years with four years suspended to probation in Cause No. 3 consecutive to his sentences in the other three cause numbers. He received an aggregate sentence of twenty-two and one-half years with ten years suspended to probation.

---

[1] Pursuant to the same plea agreement, Haines pled guilty under cause number 01C01-0512-FD-0020 to receiving stolen property as a class D felony and carrying a handgun without a license as a class A misdemeanor. Under cause number 01C01-0512-CM-0034, Haines pled guilty to possession of marijuana as a class A misdemeanor. Under cause number 01C01-0605-FC-0014, he pled guilty to three counts of dangerous control of a firearm as class C felonies.

[3]     On September 19, 2011, Haines was released on probation. On March 28, 2013, the State filed a Violation of Probation Petition 1.1 under both Cause No. 3 and cause number 01C01-0605-FC-0014 ("Cause No. 14"), alleging that Haines failed to meet with his probation officer on March 13, 2013, and that he was arrested on March 26, 2013, in Wells County on charges of resisting law enforcement as a class D felony, reckless driving as a class B misdemeanor, and criminal mischief as a class B misdemeanor, relating to incidents occurring on or about March 17, 2013. On March 28, 2013, a bench warrant was issued pursuant to the petition. On April 1, 2013, the State filed a Violation of Probation Petition 1.2 under both cause numbers alleging that Haines failed to submit a urine sample on March 27, 2013. On May 14, 2013, the court denied a petition for reinstatement of bond filed by Haines. Also, on June 6, 2013, the court granted a motion by the State to continue a fact-finding hearing on the petitions until additional new charges were filed.[2]

[4]     On May 28, 2014, the court held a hearing at which Haines initially moved to continue the hearing due to evidentiary issues regarding his new alleged criminal activity. Following argument, the court granted Haines's continuance and ordered that the hearing would pertain solely to Petition 1.2 and the allegation of failing to meet with his probation officer contained in Petition 1.1.

---

[2] On September 30, 2013, the State filed a Violation of Probation Petition 1.3 under both cause numbers alleging that Haines committed certain offenses on March 26, 2013, including possession of marijuana as a class D felony, receiving stolen property as a class C felony, and four counts of unlawful possession of a firearm by a serious violent felon as class B felonies. As will be discussed below, Haines's entire previously-suspended sentence has been revoked based solely on Petitions 1.1 and 1.2.

Following the hearing, the court entered an order which, as amended on June 6, 2014, revoked Haines's probation in Cause No. 14 and ordered that he serve his previously-suspended six-year sentence in the Department of Correction ("DOC"). The order set a hearing date on Haines's remaining violations for June 20, 2014, and also ordered that any sentence in Cause No. 3 would run consecutive to the sentence imposed. On July 3, 2014, Haines filed a notice of appeal of the court's June 6, 2014 order.[3]

[5] Following a continuance at the State's request, on July 31, 2014, the State requested a fact-finding hearing on the remaining allegations contained in Petition 1.1, i.e., Haines's arrest in Wells County on March 26, 2013. On September 4, 2014 the court held a hearing under Cause No. 3 at which Haines was sworn and testified that on June 11, 2014, he was convicted on the Wells County charges, including resisting law enforcement, reckless driving, and criminal mischief, and on July 8, 2014, he was sentenced on those charges. The court found that Haines violated his probation based on these convictions, inquired as to how many years of probation Haines had under Cause No. 3, and the prosecutor responded that Haines had been sentenced to four years of probation under Cause No. 3. The following exchange then took place:

> Court: Ben, I'm going to execute all four years of that sentence that's remaining based on that conviction.

---

[3] On December 11, 2014, in a Memorandum Decision, this court affirmed the trial court's June 6, 2014 order revoking Haines's probation and ordering him to serve his previously-suspended six-year sentence in the DOC. *See Haines v. State*, No. 01A02-1407-CR-454 (Ind. Ct. App. December 11, 2014).

[Defense Counsel]: Your honor, before you do that would it be okay just for record purposes for him to do his right of allocution; this too, just for this aspect which I think he's entitled to; to ask you to consider to do that. I understand what you're thinking is and what you're looking at doing, but just for his [. . . .]

Court: Sure, Ben if you want to speak, go ahead. It's unsworn. This part is unsworn. You can make a statement.

[Haines]: That's okay. I just want to be done with the, uh, I'd like to execute it, and be finished with it you know.

Court: You want me to execute all of it?

[Haines]: Yes, please.

Court: Okay, all right.

[Defense Counsel]: Obviously, there's nothing else I can say over and above that your honor.

Court: Nobody can really question you on what you've said Ben, but thank you. . . .

September 4, 2014 Transcript at 11 (capital letters omitted). The next day, the court issued an order revoking the four years of his previously-suspended sentence in Cause No. 3, and it ordered that he serve the four years in the DOC consecutive to the sentence in Cause No. 14.

## *Discussion*

### I.

The first issue is whether the trial court violated his right to due process when it failed to provide a statement of reasons explaining why it revoked his entire suspended sentence. Although probationers are not entitled to the full array of constitutional rights afforded defendants at trial, the Due Process Clause of the Fourteenth Amendment does impose procedural and substantive limits on the

revocation of the conditional liberty created by probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). The minimum requirements of due process that inure to a probationer at a revocation hearing include: (a) written notice of the claimed violations of probation; (b) disclosure of the evidence against him; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body. *Id.* Also, this court has observed that due process requires "a written statement by the factfinder as to the evidence relied on and reasons for revoking probation." *Puckett v. State*, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011). This requirement may be satisfied by placement of the transcript of the evidentiary hearing in the record if the transcript contains a clear statement of the trial court's reasons for revoking probation. *Washington v. State*, 758 N.E.2d 1014, 1018 (Ind. Ct. App. 2001); *see also Puckett*, 956 N.E.2d at 1186 ("A transcript of the evidentiary hearing, although not the preferred way of fulfilling the writing requirement, is sufficient if it contains a clear statement of the trial court's reasons for revoking probation.).

[7] Haines argues that the trial court violated his right to due process when it failed to provide a statement of reasons explaining why it revoked his entire suspended sentence. He asserts that accordingly, "it is difficult, if not impossible, for this court to review whether it abused its discretion by revoking the full four years of [his] sentence." Appellant's Brief at 7. He maintains that the fact he "asked for full revocation of his sentence does not render the trial court's failure to issue any reasoning harmless" because "a few months prior to

this hearing, [he] had attempted suicide while in the county jail," and he also notes that the court "had already ordered the four years executed" when he made the statement and accordingly "any statement of allocution . . . was pointless and his request . . . was simply an acquiescence to the trial court's order." *Id.*

[8] The State argues that "[t]he court adequately explained why it revoked Haines's probation in its oral statement" when it stated: "Ben, I'm going to execute all four years of that sentence that's remaining *based on that conviction*." Appellee's Brief at 8 (quoting September 4, 2014 Transcript at 11). The State asserts that "[a] trial court is not required to provide a written sentencing statement if the transcript of the evidentiary hearing 'contains a clear statement of the trial court's reasons for revoking probation.'" *Id.* at 7 (quoting *Puckett*, 956 N.E.2d at 1186).

[9] Initially, we observe that as noted above due process requires the court to provide "a written statement by the factfinder as to the evidence relied on and reasons *for revoking probation*" and that this requirement may be satisfied by including the transcript of the hearing in the record on appeal. *Puckett*, 956 N.E.2d 1186 (emphasis added). Haines does not cite to authority for the proposition that due process requires the court to explain its reasons for imposing the entire previously-suspended sentence instead of a lighter sentence for the violation. *See, e.g.*, *id.* (noting that "[i]f a defendant is found to have violated his or her probation, a trial court may (1) continue the defendant on probation; (2) extend the probationary period for not more than one year

beyond the original period; and/or (3) order all or part of a previously suspended sentence to be executed").

[10] Here, the transcript of the September 4, 2014 evidentiary hearing has been placed in the record. As noted by the State, the transcript discloses that the court revoked Haines's probation on the basis that he committed the criminal offenses of resisting law enforcement as a class D felony, reckless driving as a class B misdemeanor, and criminal mischief as a class B misdemeanor, in Wells County on or about March 17, 2013. Proof of a single violation of the conditions of a defendant's probation is sufficient to support a trial court's decision to revoke probation. *See, e.g.*, *Hubbard v. State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997) (noting that "[p]roof of a single violation of the conditions of a defendant's probation is sufficient to support a trial court's decision to revoke probation"). Reversal on this basis is not warranted. *See Washington*, 758 N.E.2d at 1018 (noting that the transcript of the revocation hearing had been placed in the record and clearly disclosed the court's basis for revoking the defendant's probation).

[11] Also, to the extent Haines argues that the court's failure to explain its reasoning in a written statement is not harmless because, as noted at a previous hearing on June 18, 2014, he "had attempted suicide while in the county jail," Appellant's Brief at 7, and because his request for the court to execute his sentence was made only after the court stated that it was going to order that he serve his previously-suspended sentence in the DOC, we note the following. First, such arguments more properly support his contention in Part II that he

was not given the opportunity to present mitigating evidence. Second, our review of the June 18, 2014 transcript reveals that the day before that hearing Haines "overdosed with some type of medication," but it does not indicate that the overdose was the result of an alleged suicide attempt. June 18, 2014 Transcript at 2. Third, assuming that the overdose was an alleged suicide attempt, at the September 4, 2014 hearing, following Haines's statement, defense counsel had the opportunity to argue that Haines's mental state impacted his behavior at the hearing and his decision to request that the court execute his previously-suspended sentence. Instead, counsel simply stated: "Obviously, there's nothing else I can say over and above that your honor." September 4, 2014 Transcript at 11.

[12] We conclude that the court did not violate Haines's right to due process when it stated at the hearing that it was revoking Haines's probation because he committed the offenses in Wells County.

## II.

[13] The next issue is whether the court committed fundamental error by failing to provide Haines with an opportunity to present mitigating evidence after it found that a probation violation had been committed. Probation revocation is a two-step process. *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997). First, the court must make a factual determination that a violation of a condition of probation actually occurred. *Id.* If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.* When

reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Vernon v. State*, 903 N.E.2d 533, 536 (Ind. Ct. App. 2009), *trans. denied*. Probation is an alternative to commitment in the Department of Correction, and it is at the sole discretion of the trial court. *Lightcap v. State*, 863 N.E.2d 907, 911 (Ind. Ct. App. 2007) (citing *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), *reh'g denied*). Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Parker*, 676 N.E.2d at 1085. However, once the State grants that favor, it cannot simply revoke the privilege at its discretion. *Id.* Probation revocation implicates a defendant's liberty interest, which entitles him to some procedural due process. *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S. Ct. 2593, 2600-2601 (1972)). Because probation revocation does not deprive a defendant of his absolute liberty, but only his conditional liberty, he is not entitled to the full due process rights afforded a defendant in a criminal proceeding. *Id.* The due process rights granted to a probationer at a revocation hearing include the opportunity to be heard and present evidence. *Vernon*, 903 N.E.2d at 536-537.

[14] In *Woods v. State*, the Indiana Supreme Court noted that for the purposes of probation revocation proceedings, "[t]o reverse a trial court's decision to exclude evidence, there must have been error by the court that affected the defendant's substantial rights and the defendant must have made an offer of proof or the evidence must have been clear from the context." 892 N.E.2d 637, 641 (Ind. 2008) (citing *Stroud v. State*, 809 N.E.2d 274, 283 (Ind. 2004)). "This

offer to prove is necessary to enable both the trial court and the appellate court to determine the admissibility of the testimony and the prejudice which might result if the evidence is excluded." *Id.* at 641-642 (quoting *Wiseheart v. State*, 491 N.E.2d 985, 991 (Ind. 1986)). "The purpose of an offer of proof is to convey the point of the witness's testimony and provide the trial judge the opportunity to reconsider the evidentiary ruling." *Id.* at 642 (citing *State v. Wilson*, 836 N.E.2d 407, 409 (Ind. 2005), *reh'g denied*). Equally important, it preserves the issue for review by the appellate court. *Id.* Generally, the failure to offer mitigating evidence at the revocation hearing waives the claim on appeal. *See id.* ("Neither on direct appeal nor on transfer to this Court does Woods make any attempt to explain why he violated the terms of his probation. More importantly, Woods did not make an offer of proof to the trial court. Generally this failure is fatal to his claim.").

[15] Haines argues that the court violated his due process rights when it failed to provide him with the opportunity to present any mitigating evidence. Specifically, he argues that probation revocation is a two-step process, that even where a violation is admitted "the probationer must be given an opportunity to provide mitigating evidence suggesting that the violation does not warrant revocation," and that here the court ordered that his entire previously-suspended sentence be revoked "[i]mmediately after finding [that he] violated probation . . . ." Appellant's Brief at 7. Haines acknowledges that "the Indiana Supreme Court has held that a probationer must make an offer of proof in order to preserve for appeal the denial of the opportunity to present mitigating

evidence in a probation disposition" and that he "did not make an offer of proof," and he argues that here the error amounts to fundamental error and directs our attention to *Tillberry v. State*, 895 N.E.2d 411 (Ind. Ct. App. 2008), *overruled on other grounds by Heaton v. State*, 984 N.E.2d 614, 617 n.4 (Ind. 2013), for the proposition. *Id.* at 8.

[16] The State argues that following the court's pronouncement that it would revoke his previously-suspended sentence, defense counsel asked the court to allow Haines "to do his right of allocution" and make a statement, and the court allowed Haines to speak. Appellee's Brief at 7. Haines then asked the court to order that his sentence be executed, and his counsel "had nothing to add." *Id.* The State also argues that any error in this case was harmless because when given the opportunity to speak Haines asked the court to execute his previously-suspended sentence, and that accordingly, any error did not affect his substantial rights.

[17] In *Tillberry*, a panel of this court addressed defendant Tillberry's argument that he was denied due process at his revocation hearing, despite not objecting and making an offer of proof, observing that "we may bypass an error that a party procedurally defaults when we believe that the error is plain or fundamental," that "[t]o qualify as 'fundamental error,' the error must be a substantial blatant violation of basic principles rendering the trial unfair to the defendant," and that "[d]eprivation of due process is fundamental error." 895 N.E.2d at 415 n.1. The court distinguished *Woods*, noting that in *Woods* the Court "found a trial court erred at a probation revocation hearing when it did not permit

Woods to explain why his admitted violation should not result in revocation of probation," and it observed that "the Court affirmed the revocation because Woods did not make an offer of proof," which "suggest[ed] Woods had an evidentiary hearing." *Id.* The court stated that "a 'trial court *ruling excluding evidence*' may not be challenged on appeal unless 'the substance of the evidence was made known to the court by a proper offer of proof,'" but that Tillberry "was not afforded an evidentiary hearing, as no witnesses were sworn and no other evidence was admitted." *Id.* (quoting *Lashbrook v. State*, 762 N.E.2d 756, 758 (Ind. 2002)).

[18]   Here, unlike in *Tillberry*, the court swore Haines in prior to Haines's testimony admitting that he was convicted of the Wells County charges. Indeed, unlike what occurred in *Tillberry*, Haines does not even allege that error occurred during the first step of the revocation hearing. Thus, the circumstances in this case are akin to *Woods*, in which the court denied the defendant the opportunity to offer mitigating evidence during the second step of the revocation hearing, and the defendant failed to preserve any error by not objecting and making an offer of proof.

[19]   Moreover, unlike in *Woods*, Haines was given an opportunity to speak in allocution and, instead of offering mitigating circumstances, asked the court to execute his previously suspended sentence. In *Woods*, at the revocation hearing probationer Woods did not challenge the fact that a violation occurred but asked the court: "Can I explain why I missed, sir?" 892 N.E.2d at 639. The court declined Woods's request, stating that it did not matter because he was

"on strict compliance," and Woods then accepted the State's offer that he execute twelve years of his previously-suspended sentence. *Id.* On appeal, Woods argued that "the court denied him due process by preventing him from explaining why he violated the terms of probation," and the Court agreed, holding that the trial court erred when it denied him the "opportunity to explain why even this final chance is deserving of further consideration." *Id.* at 641. However, as noted above, the Court's analysis did not end there, and it nevertheless affirmed the trial court because he did not preserve the error by objecting and making an offer of proof.[4]

[20] Although Haines's statement to the court during phase two of the revocation hearing was unsworn and came following the court's initial statement that it was going to revoke his entire previously-suspended sentence, the court nevertheless gave him the opportunity to speak, unlike the defendant in *Woods*. Rather than make an offer of proof regarding potential mitigating circumstances, Haines instead stated: "I just want to be done with the, uh, I'd like to execute it, and be finished with it you know." September 4, 2014 Transcript at 11. The court asked Haines: "You want me to execute all of it?"

---

[4] The Court left open the possibility that, under certain circumstances, reversal may be warranted where a defendant articulates mitigating circumstances on appeal. *See Woods*, 892 N.E.2d at 642 ("Neither on direct appeal nor on transfer to this Court does Woods make any attempt to explain why he violated the terms of his probation."). The Court also deemed making an offer of proof to the trial court "[m]ore important[]." *Id.* The only reasons suggested on appeal by Haines appear in another part of the argument section of his brief discussed above, namely, that Haines overdosed prior to a previous hearing on June 18, 2014. Under the circumstances, and considering the fact that when given the chance to speak Haines asked the court to execute his sentence, we cannot say that Haines has articulated mitigating circumstances on appeal sufficient to overcome waiver.

*Id.* Haines responded: "Yes, please." *Id.* Also, Haines's counsel did not offer a statement in mitigation and simply stated: "Obviously, there's nothing else I can say over and above that your honor." *Id.* Under the circumstances, we cannot say that the court committed fundamental error during the second phase of the probation hearing when Haines did not present any mitigating evidence.

## *Conclusion*

[21] For the foregoing reasons, we affirm the revocation of Haines's probation.

[22] Affirmed.

Crone, J., and Pyle, J., concur.