## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 12 2019, 10:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lyle Friend,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 12, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2583<br><br>Appeal from the Ripley Circuit Court<br><br>The Honorable Ryan J. King, Judge<br><br>Trial Court Cause No.<br>69C01-1609-F5-30 |

**Robb, Judge.**

# Case Summary and Issue

[1] Lyle Friend pleaded guilty to attempted battery, a Level 5 felony, and was sentenced to six years, all suspended to probation. His probation was revoked after he tested positive for methamphetamine five times in the first seven months of his probation. Friend appeals, raising one issue for our review: whether the trial court abused its discretion when it ordered him to serve five years of his suspended sentence upon revoking his probation. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] The State charged Friend on September 1, 2016, with six counts, including attempted burglary, a Level 5 felony. On September 13, 2017, the parties entered into a plea agreement pursuant to which Friend would plead guilty to attempted burglary, the State would dismiss the remaining counts, and Friend would be sentenced to six years, all suspended to probation. The trial court accepted the plea agreement on October 24, 2017, and Friend began his probation that same day. One of the conditions of his probation was that he not "possess or consume/use alcohol or other controlled substances." Appendix of Appellant, Volume Two at 54.

[3] On May 16, 2018, the probation department filed a petition for probation violation hearing, alleging that while on probation, Friend had tested positive for amphetamine and methamphetamine five times between December 5, 2017

and May 4, 2018.[1]  At the probation violation hearing on September 25, 2018, Friend admitted he violated the terms of his probation by producing five drug screens that tested positive for the presence of methamphetamine.  Friend's father testified that Friend had a job waiting for him if he were released.  He also testified that Friend could live with him and he would administer home drug tests; if Friend tested positive, he would "[d]estroy whatever he's got and then we will try to maybe seek him some help . . . ."  Transcript, Volume 2 at 10.

[4]  The State requested that Friend serve "at least" three and one-half years of his suspended sentence and that he thereafter be unsuccessfully terminated from probation.  *Id.* at 11.  Friend requested that he be sanctioned with time served[2] and remain on probation.  The trial court, noting that Friend's "history's bad[,]" and that he "flamboyantly" violated the terms and conditions of his probation, determined that he was not a good candidate for probation and ordered Friend to serve five years of his suspended sentence.  *Id*. at 14-15.  The trial court's order stated that after Friend successfully completed three years of his sentence, the court would recommend a Therapeutic Community and that Friend enroll in the Purposeful Incarceration Program.  Upon Friend's

[1] While on probation in this case, Friend was also on probation out of Decatur County and was involved with a Decatur County Department of Child Services ("DCS") case regarding his child.  The drug screens were administered as part of the DCS case.  DCS forwarded the results to Decatur County probation, which also filed a notice of probation violation and shared the results of the drug screens with the Ripley County probation department in this case.

[2] Friend was arrested on a warrant stemming from the notice of probation violation on July 16, 2018, and remained in jail until the probation revocation hearing.

successful completion of an appropriate substance abuse program and if he has no conduct violations, the court would consider modifying his sentence. Friend now appeals.

# Discussion and Decision

[5]   Friend solely challenges the sanction imposed by the trial court after he admitted to violating his probation. If the trial court finds that a violation occurred, the court may impose one of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h).

[6]   A defendant is entitled to challenge the sanction a trial court decides to impose after revoking probation. *Stephens v. State*, 818 N.E.2d 936, 939 (Ind. 2004). "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Once a trial court has exercised its grace by ordering probation rather than incarceration, the court has "considerable leeway" in deciding how to proceed. *Id.* We therefore review a trial court's decision regarding the sanction

for an abuse of discretion. *Puckett v. State*, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011). "An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court." *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006).

[7] Friend contends that it was an abuse of the trial court's discretion to revoke five years of his six-year sentence because "these are technical violations for the use of drugs by an addict and not for any new criminal offenses." Brief of Appellant at 10. He argues the trial court had alternatives to sending him to the Department of Correction ("DOC"), including home detention or electronic monitoring combined with drug treatment, or that, if the trial court deemed incarceration necessary, it could have imposed the lesser three and one-half year sanction the State advocated. And he argues his mitigating evidence—his employment, stable housing, and admitted drug problem—supported a lesser sanction.

[8] We do not consider the use of controlled substances to be a "technical violation" of probation. In *Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017), we noted that the defendant's violation was not a violation of a technical provision of his probationary term such as failing to pay a probation user's fee or failing to keep an appointment with his probation officer. *See also Heaton v. State*, 984 N.E.2d 614, 616, 618 (Ind. 2013) (calling the failure to keep the probation department informed of current address, to obtain a substance abuse evaluation, and to verify employment with the probation department violations that were "technical in nature"). Rather, Friend's positive drug screens mean

that, at the very least, he committed acts that would constitute the crime of possession of methamphetamine on five different occasions.

[9] Friend was unsuccessfully terminated from probation in another case in 2017 due to testing positive on multiple drug screens. At the time he was originally sentenced in this case, he reported to probation that he was currently attending twice weekly substance abuse counseling. And yet he had a positive drug screen within six weeks of starting probation in this case, with a positive drug screen following almost every month thereafter until the notice of probation violation was filed. There is little evidence that Friend even tried to comply with the terms and conditions of his probation in this case, and as the trial court noted, Friend has demonstrated that he is not a good candidate for probation. The trial court's decision to revoke five years of Friend's probation is not an unwarranted response to the violations he committed, especially given the trial court's willingness to entertain a sentence modification if Friend addresses his substance abuse issues. Therefore, we cannot say the trial court abused its discretion in the sanction it imposed.

# Conclusion

[10] The trial court did not abuse its discretion in revoking five years of Friend's six-year term of probation and ordering him to serve that time in the DOC. The judgment of the trial court is affirmed.

[11] Affirmed.

Riley, J., and Kirsch, J., concur.