## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 22 2019, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Matthew T. Bates
R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Hamer, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 22, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-1016 <br><br> Appeal from the Decatur Superior Court <br><br> The Honorable Matthew D. Bailey, Judge <br><br> Trial Court Cause No. <br> 16D01-1512-CM-809 |

**Robb, Judge.**

# Case Summary and Issue

[1] In 2017, Michael Hamer pleaded guilty to two counts of operating a vehicle while intoxicated and one count of driving while suspended, all Class A misdemeanors, with an habitual vehicular substance offender enhancement. Hamer was sentenced to serve 1,800 days with 790 days executed and 1,010 days suspended to formal probation. In 2018, while Hamer was on home detention, the State filed a petition to revoke probation, alleging that Hamer failed three breathalyzer tests and failed to appear for two monthly meetings with his case manager. At a hearing, Hamer admitted the violations and the trial court revoked his probation and ordered him to serve half of his previously suspended sentence in the Decatur County Jail. Hamer appeals, raising one issue for our review, namely whether the trial court abused its discretion in imposing this sanction for his probation violation. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] On December 21, 2015, the State charged Hamer with one count of operating a vehicle while intoxicated, a Class A misdemeanor. The State later amended the charging information to include an habitual vehicular substance offender enhancement. While the case was pending, Hamer was charged under a separate cause number with operating a vehicle while intoxicated and driving while suspended, both Class A misdemeanors. The parties entered into a plea

agreement to resolve both cases in which Hamer pleaded guilty as charged and his executed sentence was capped at three years.

[3]     On July 14, 2017, the trial court accepted the plea agreement, entered judgment of conviction, and sentenced Hamer to 1,800 days in the Decatur County Jail, with 790 days executed and 1,010 days suspended to formal probation. The conditions of Hamer's probation included home detention for 360 days and monthly meetings with his case manager. He was also prohibited from possessing or consuming alcohol.

[4]     Hamer's probation began July 14, 2017 and was scheduled to end April 19, 2020. He began home detention on January 9, 2018, and several months later, Hamer's probation officer filed a Verified Petition for Revocation of Probation, alleging that Hamer violated the conditions of probation by failing portable breath tests on January 19, February 2, and February 5, 2018. The petition also alleged that Hamer failed to appear for two scheduled monthly meetings with his case manager while on home detention. The trial court held a fact-finding hearing on April 4 and found Hamer in violation of the conditions of his probation. In imposing a sanction for the violation, the trial court stated:

> In deciding what the sanction ought to be, I am going to give some consideration to the fact that Mr. Hamer did make some effort. He's trying to make some effort to it. I'm also going to consider that Community Corrections made efforts to help him with his addiction and to overcome his problems by entering into a sanctions agreement rather than filing a petition immediately. So, I think they made some effort; he made some effort. Nonetheless, he is in violation.

Transcript of Evidence, Volume 2 at 23-24.[1] The trial court revoked half (505 days) of Hamer's previously suspended sentence and ordered it to be served in the Decatur County Jail. Hamer's probation was terminated as unsuccessful. Hamer now appeals. Additional facts will be supplied as necessary.

# Discussion and Decision

## I. Standard of Review

Probation is a matter of grace and a conditional liberty which is a favor, not a right. The trial court determines the conditions of probation and may revoke probation if those conditions are violated. The decision to revoke probation is within the sole discretion of the trial court. And its decision is reviewed on appeal for abuse of that discretion. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. Further, on appeal "we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation." *Woods v. State*, 892 N.E.2d 637, 639-40 (Ind. 2008) (citation omitted).

---

[1] After Hamer tested positive for alcohol on January 19, he signed a sanction agreement, in which he acknowledged his violation and agreed to complete ten hours of community service, a six-week addiction program, and write a two-page paper on how using alcohol affects him. *See* Appellant's Appendix, Volume 2 at 55. Hamer again tested positive for alcohol on February 2 and entered into another sanction agreement requiring that he complete an additional eight hours of community service scheduled for March 3. Three days later, Hamer tested positive for alcohol and entered into another agreement requiring that he contact River Valley Resource and complete a workshop.

*Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012) (some citations omitted). In addition, a defendant is entitled to challenge the sanction a trial court decides to impose after revoking probation. *Stephens v. State*, 818 N.E.2d 936, 939 (Ind. 2004). And we review a trial court's sentencing decisions for probation violations for an abuse of discretion. *Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017).

## II. Sanction for Probation Violation

As our supreme court has explained, the revocation of an individual's probation is a two-step process. *Woods*, 892 N.E.2d at 640. "First, the court must make a factual determination that a violation of a condition of probation occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of probation." *Id*. If the trial court finds that a violation of probation has occurred, it may impose one or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h).

[6]    Here, as authorized by statute, the trial court ordered that Hamer execute 505 days of his previously suspended sentence of 1,010 days.  Although Hamer admitted to the violations, he challenges the trial court's imposition of this particular sanction by arguing it was an abuse of discretion.  Specifically, he contends that his sanction is disproportionately harsh in light of the following factors: he admitted to consuming alcohol and that he struggles with alcohol; he was honest about his violations; he demonstrated a willingness to deal with his issues; he complied with the sanctions imposed by Community Corrections for the violations, including additional community service hours, a six-week alcohol addiction program, and a two-page paper on how alcohol affects him; and after each missed meeting with his case manager, he showed up the following morning at 8:30 a.m.

[7]    In support of his arguments, Hamer relies on this court's decision in *Johnson v. State*, in which we held that the trial court abused its discretion by revoking the defendant's placement in a community corrections program and ordering him to serve the entirety of his sentence in prison.  62 N.E.3d 1224, 1231-32 (Ind. Ct. App. 2016).  The defendant had been placed on home detention requiring him to remain inside his apartment and pay community corrections fees.  At times, he was *near* the apartment rather than inside of it.  Given the defendant's cognitive deficits, limited resources, previous success in work release, the trial court's harsh sentence, and the technical nature of the violation, this court concluded the trial court abused its discretion by ordering the defendant to execute the entirety of his sentence.  *Id.*  Hamer asserts that the *Johnson* court

"relied on a line of precedent reversing unduly harsh sentences for minor probation violations[.]" Appellant's Brief at 10.

[8]     In support of its conclusion, the *Johnson* court relied on *Sullivan v. State*, 56 N.E.3d 1157 (Ind. Ct. App. 2016); *Ripps v. State*, 968 N.E.2d 323 (Ind. Ct. App. 2012); and *Puckett v. State*, 956 N.E.2d 1182 (Ind. Ct. App. 2011). In *Sullivan*, the trial court revoked the defendant's community corrections placement after he failed to report and, as a sanction, ordered him to serve the entirety of his eighteen-month sentence in prison. 56 N.E.3d at 1160. This court concluded the trial court abused its discretion by revoking the defendant's placement and ordering him to serve his sentence in prison because he was in the hospital at the time he was to report, contacted his attorney, and was under the impression his counsel would contact the court and community corrections. *Id*. at 1162. Moreover, in *Ripps*, this court reversed the trial court's order revoking the defendant's probation and ordering him to serve the remainder of his two year and two-hundred and sixty-six-day sentence in prison for failing to register as a sex offender and residing within 1,000 feet of a public park or youth center. 968 N.E.2d at 326-27. The defendant had moved into an assisted-living facility to receive care for his medical conditions, which was 980 feet from a public library. In concluding the trial court abused its discretion, the court explained:

> [The defendant] was sixty-nine years old and suffering from serious health issues, including terminal cancer; he was attempting to adhere to his probation conditions, as evidenced by his going to the sheriff's office to register his new address; although he was initially in violation of the residency restriction, evidence reveals he was taking steps to correct the violation by

finding a new residence; while he did live within 1,000 feet of the public library, this was only so by about twenty feet and some ambiguity exists in how this distance was measured; and last, [the defendant] previously served time in prison for a crime that was later vacated as violative of our constitutional ex post facto provision.

*Id*. at 328.  Under the totality of these circumstances, we held the trial court abused its discretion by revoking the defendant's probation and ordering him to serve the remainder of his sentence in prison.  *Id*.  Lastly, in *Puckett*, a panel of this court held that the trial court abused its discretion by revoking the defendant's probation for failing to register as a sex offender, a condition of probation, and ordering him to serve his entire previously suspended sentence for his child molesting conviction in prison.  956 N.E.2d at 1188.  In reaching this conclusion, this court reasoned that the trial court relied on improper factors in imposing its sanction.  *Id*. at 1187.  Specifically, the trial court expressed its dissatisfaction with the defendant's original plea– believing it was too lenient, a "very generous" agreement for what it considered to be a "horrendous crime[,]" and that the defendant should have been convicted of a more serious crime.  *Id*.  Although this court acknowledged the importance of the sex offender registry, this court concluded that the trial court's discussion on the importance of the registry did not reveal anything egregious about the defendant's failure to register and the defendant was also punished separately for not registering.  *Id*. at 1188.  Therefore, under the particular circumstances of the case, we concluded the trial court's sanction was an abuse of discretion. *Id*.

[9] However, the circumstances of Hamer's violations are clearly distinguishable from these cases. Hamer repeatedly violated the terms of his probation prohibiting him from possessing or consuming alcohol and requiring him to attend monthly meetings. The record reveals that on January 19, February 2, and February 5, 2018, Hamer failed a portable breath test by registering a .116%, .117%, and .036% blood alcohol concentration respectively. Hamer also failed to appear for two scheduled monthly meetings with his case manager.

[10] We disagree with Hamer that the sanction is too harsh. At the fact-finding hearing, the trial court gave "some consideration to the fact that Mr. Hamer did make some effort. He's trying to make some effort to it." Tr., Vol. 2 at 23. It also considered community corrections' efforts in attempting to help Hamer overcome his addiction issues by providing a several sanctions agreement instead of immediately filing a petition to revoke. The trial court concluded, "I think [community corrections] made some effort; [Hamer] made some effort. Nonetheless, [Hamer] is in violation." *Id.* at 24. An evaluation of the record reveals that the trial court took these factors into account, consciously balanced Hamer's efforts with his repeated failures despite efforts by community corrections to assist him, and carefully constructed an appropriate sanction. Ultimately, the trial court revoked *half* of Hamer's previously suspended 1,010-day sentence rather than revoke his entire sentence, a decision within its sole discretion. *See Ripps*, 968 N.E.2d at 326. As previously noted, "[p]robation is a matter of grace and a conditional liberty which is a favor, not a right." *Id.*

Under the circumstances here, we cannot conclude the trial court abused its discretion.

# Conclusion

For the reasons set forth above, we conclude the trial court did not abuse its discretion by revoking Hamer's probation and ordering him to serve half of his previously suspended sentence in jail. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

Baker, J., and Najam, J., concur.